UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kay Carlsen,

Plaintiff,

v.

Green Thumb, Inc.,

Defendant.

Court File No.: 01-CV-2076 JRT/RLE
Case Type: Employment

**STIPULATION FOR MODIFICATION OF PRE-TRIAL DISCOVERY ORDER**

and ORDER

The parties hereby jointly present this Stipulation for Modification of Pre-Trial Discovery Order.

This Court issued a pre-trial order on February 26, 2002.

As required by that pre-trial order, all pre-trial discovery disclosures required by Rule 26 were completed on or before March 7, 2002.

Since that time, the parties have engaged in written discovery. Plaintiff has served responses to discovery requests served by Defendant. Plaintiff has served on Defendant two sets of written discovery requests, the response to which has not yet been served.[1]

---

[1]Defendant has made efforts to respond to these requests, but have been unable to complete responses at this time. The Defendant, previously known as Green Thumb, Inc., is a federally funded non-profit organization based in the Washington, D.C. area. The Plaintiff was employed as a field operations coordinator, with oversight responsibilities for the coordination of grant money. Plaintiff's discovery requests seek, for example, all documents relating to all disallowed costs in the region over a period of many years; a fairly exhaustive request.

Since the initiation of this action, Green Thumb, Inc. has become Experience Works, Inc. For the past three quarters of the year, that organization has been engaged in a Modernization of Business Operations. This has involved a substantial amount of weekend and overtime work by all of the staff, which has included a overhaul and reimplementation of all of Experience Works' payroll, budgeting, human resources, and financial protocols. The implementation of this Lawson Business Operations module has taken a tremendous amount of staff time, and made it difficult for Defendant to respond to Plaintiff's discovery requests.

OCT 30 2002

The pre-trial order currently in place provides that discovery shall terminate on November 1, 2002. As that deadline has approached, counsel for both parties have consulted, in an attempt to arrange dates to complete the necessary depositions.

Both Plaintiff's and Defendant's counsel have had a very heavy litigation calendar throughout the summer and fall. Plaintiff's counsel attempted to schedule two depositions, but dates selected by Plaintiff's counsel for depositions could not be met, as one of the two witnesses Plaintiff intended to depose was otherwise engaged in Washington, D.C. in the implementation of Experience Works' new Strategic Planning Initiative.

Counsel for the parties have continued to consult to find alternative dates to complete depositions. Taking into account previously scheduled depositions, necessary business related travel of the witnesses, and out of the country travel of counsel, the earliest dates that could be secured are the week of December 2, 2002 and counsel have agreed to set aside the week of December 2 to complete depositions in this case.

In order to allow for additional potential depositions, the parties propose that discovery be allowed to be conducted through December 20, 2002, an extension of seven weeks from the existing pre-trial schedule.

The parties believe that they have worked in good faith to meet the existing deadlines, and have good cause to extend the existing deadlines.

Based upon the above stipulated matters, counsel for Plaintiff and Defendant hereby join in requesting that the existing pre-trial order be modified as follows:

1. The period during which parties may conduct discovery shall terminate on December 20, 2002;

2. All other non-dispositive motions shall be filed and the hearing thereon completed prior to January 17, 2003;

3. The Plaintiff's expert disclosure shall be made on or before December 2, 2002;

4. The Defendant's disclosure shall be made on or before January 2, 2003;

5. That all dispositive motions shall be fully briefed and the complete set of motion papers filed with the Clerk of Court on or before March 24, 2003;

6. That this case shall be ready for trial on April 21, 2003, or 30 days after the Court renders its Order on any dispositive motion (whichever is later) at which time the case will be placed on the Court's jury trial calendar.

Dated: 10/29/02

CONNOR, SATRE & SCHAFF, LLP

By: [signature]
Patrick M. Connor (#18521)
925 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
Telephone: (612) 344-1221

Dated: 10/29/02

FOLEY & MANSFIELD, P.L.L.P.

By: [signature]
Thomas A. Harder (#158987)
200 Lafayette Building
1108 Nicollet Mall
Minneapolis, MN 55403
Telephone: (612) 338-8788

**ORDERED:**

Based upon the foregoing Stipulation, the Court, being satisfied that the parties have presented good cause for the modification, hereby modify the February 26, 2002 pre-trial order as stipulated.

Dated: 10/30/02

BY THE COURT:

[signature]
Magistrate Judge Raymond L. Erickson