UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Kay Carlsen,

Plaintiffs,

vs. MINUTE ORDER

Green Thumb, Inc.,

Defendant. Civ. No. 01-2076 (JRT/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 10th day of January, 2003.

* * *

On January 9, 2003, the Court heard argument on the Defendant's Motion to Compel the Plaintiff's Deposition or, in the alternative, to Amend the Scheduling Order. At the time of the Hearing, the Defendant appeared by Thomas A. Harder, Esq., and the Plaintiff appeared by Patrick M. Connor, Esq.

The Defendant has asked the Court to compel the Plaintiff to produce herself for a continuation of her deposition. The Defendant had deposed the Plaintiff, for a total of nine hours, on December 6 and 7, 2002, but, at the close of the second day, the parties agreed that her deposition was not complete, and that it could continue, and would conclude, on December 17, 2002. On December 16, 2002, however, the Plaintiff notified her attorney

FILED JAN 10 2003
CLERK

that she was ill, and that could not attend the scheduled resumption of her deposition. Although counsel agreed to reschedule the deposition for a later date, they were unable to reach an accord as to that date, and the discovery deadline, which was set at December 20, 2002, passed without the completion of the Plaintiff's deposition. As a consequence, the Defendant filed this Motion. The Plaintiff objects to being compelled to attend the continuation of her deposition, since she has agreed to produce herself at a mutually agreeable date, and she takes no position as to the alternative Motion to extend the discovery deadline.

At the time of the Hearing, the Plaintiff's attorney proffered a letter from the Plaintiff's physician, which advised that the Plaintiff could not participate in any further depositions until after she consulted her cardiologist on January 15, 2003. Although the Defendant was sympathetic to the Plaintiff's health problems, it did express concern about any resultant delay in the completion of the Plaintiff's deposition, particularly insofar as any further delay would impact upon the deadlines set forth in our Scheduling Order of March 24, 2003.[1]

---

[1]In addition, counsel for the Defendant objected to the Plaintiff's recent demand that any continued deposition consume no more than three hours. Counsel for the Defendant opposed such a limitation as unworkable, given the Plaintiff's need to take recurrent breaks from counsel's questioning. As we observed, at (continued...)

In view of the uncertainty of the Plaintiff's health, we instructed counsel to "meet and confer" after the Plaintiff has consulted with her cardiologist, in order to address how this case should best proceed. They are then to advise the Court of any need to modify the pretrial deadlines currently in effect. As we explained to the Plaintiff's counsel at the time of the Hearing, if the Plaintiff's doctor concludes that the Plaintiff is precluded from attending her deposition for any significant length of time, we would require a detailed explication, from the doctor, as to why such a restriction was necessary. We expect that the parties will "meet and confer" promptly after the Plaintiff's examination, and it is our expectation that we will have a status conference in this case within the ensuing two weeks.[2]

NOW, THEREFORE, It is --

(...continued)
the time of the Hearing, the length of a resumed deposition is remanded to counsel for resolution. If disagreement persists, then counsel for the Defendant shall lodge a copy of the transcript of the Plaintiff's deposition to date, in order that we may review the same prior to setting a time limit for the completion of the continued questioning of the Plaintiff. Counsel are directed to "meet and confer" on this issue promptly.

[2]In the event that the results of the Plaintiff's examination are not available at that time, the parties are to advise the Court accordingly. While we foster the timely completion of the pretrial process, we do not do so at the jeopardy of any party's health and safety.

ORDERED:

1. That the Defendant's Motion to Compel the Plaintiff's Deposition or, in the alternative, to Amend the Scheduling Order is DEFERRED until such time as the Court is informed of the condition of the Plaintiff's health.

2. That the parties shall contact Vicki Miller, at (218) 529-3520, to schedule a telephonic status conference, as soon as is practicable, but in any event, by no later than **January 24, 2003.**

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The District of Minnesota is pleased to announce the offering of a service called New Cases System (NCS) on our web site at www.mnd.uscourts.gov. The NCS lists new civil and criminal cases filed in St. Paul, Minneapolis or Duluth each day. It indicates the date assigned, case number, case name, the city in which the case was filed, and the District and Magistrate Judge assigned to the case.

The web NCS is available free of charge. The NCS may also be accessed from the public terminals located in the clerk's offices at the addresses above.