UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Kay Carlsen,

Plaintiff,

vs. MINUTE ORDER

Green Thumb, Inc.,

Defendant. Civ. No. 01-2076 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of February, 2003.

* * *

On February 19, 2002, we heard argument on the Defendant's informal Motion to Compel the Plaintiff to execute releases for medical records at two facilities that she identified, during the course of her deposition, which had provided medical treatment, or diagnosis, of her mental status.[1] The Plaintiff opposes the Motion as the period of discovery was to close on December 20, 2002, and because she has asserted nothing more than a "garden variety" emotional distress claim. For reasons which follow, we grant the Motion.

---

[1]At the time of the Hearing, the Plaintiff appeared by Patrick M. Connor, Esq., and the Defendant appeared by Thomas A. Harder, Esq.

FEB 20 2003
[illegible] SLETTEN, CLERK

By Order dated February 18, 2003, the period for the close of discovery was extended to March 1, 2003. The extension was granted, in part, because the Plaintiff wanted to explore the possibility of additional discovery related to the Defendant's Counterclaim. As a consequence, the Defendant's informal Motion is not untimely.

Moreover, under the facts presented here, we believe that execution of the releases is also consonant with the provisions of Rule 35, Federal Rules of Civil Procedure. In O'Sullivan v. State of Minnesota, 176 F.R.D. 325, 328 (D. Minn. 1997), we concluded that there was no cause for the conduct of a Rule 35 examination where the Plaintiff has not placed her medical condition in controversy. While we understand the Plaintiff to argue that she is not claiming a psychological/psychiatric injury attributable to the Defendant's alleged conduct, we also understand that the Defendant has conducted a Rule 35 examination, apparently without objection from the Plaintiff. Accordingly, we do not confront this issue at the threshold, as is usually the case. Here, the Defendant may well want to introduce medical evidence concerning the Plaintiff's mental state, as it may impact upon issues of liability and damages, and the admissibility of such evidence is properly committed to the sound discretion of the Trial Court. If the Trial Court should be persuaded to admit such opinion evidence, then the

Defendant should be afforded an opportunity to assure that the health care professional it proffers is properly informed.

Accordingly, at this discovery juncture, given the Defendant's conduct of a Rule 35 examination, we believe that the interests of justice warrant the execution of the requested medical releases, and we direct that they be produced to the Defendant forthwith.[2]

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's informal Motion to Compel the Plaintiff to execute medical releases for the health care providers, who she identified during her deposition, is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

[2]At the close of the Hearing, we declined the Plaintiff's invitation to anticipatorily consider a likely Motion by the Defendant to reconvene the deposition of the Plaintiff. Such Motions, if they are forthcoming, warrant consideration on a Record submitted, and not upon assumed, hypothetical facts.